IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL E. GIEGER, #577721 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1202 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Michael E. Geiger, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus challenging a prison disciplinary case pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the petition should be denied. Mr. Geiger has filed objections.

Mr. Geiger is challenging a December 2013 prison disciplinary case. In his habeas petition, Mr. Geiger asserts he lost 665 days of good time. (Dkt. #1, p. 5). He asserts that he is entitled to federal habeas corpus relief because he was denied the due process right to be heard and to hear the evidence against him. Magistrate Judge Love found that he was not entitled to relief because a protected liberty interest was not involved in this case. In his objections, Mr. Geiger states that the Magistrate Judge has misstated the facts of his petition.

Mr. Geiger may not obtain federal habeas relief with respect to a prison disciplinary case unless he has been deprived of a right secured by the United States Constitution or the laws of the United States. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). As a threshold matter, he must

1

show that the punishment he received encroached upon a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *Sandin v. Conner*, 515 U.S. 472, 484-85, 115 S. Ct. 2293, 2300-01 (1995). An inmate is not entitled to the procedural protections afforded by the Constitution unless he shows he was denied a protected liberty interest. *Id.* at 487, 115 S. Ct. at 2302. The Court held that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state may conceivably create a liberty interest." *Id.* at 486, 115 S. Ct. at 2301. Following *Sandin*, the Fifth Circuit has regularly considered whether the circumstances surrounding an inmate's disciplinary case involve a protected liberty interest. A protected liberty interest is at stake only if a prisoner loses good time and is eligible for release on mandatory supervision. *See, e.g.*, *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58; *Dorsey v. McFarlin*, 609 F. App'x 266, 267 (5th Cir. 2015); *Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013) (Because the inmate "was ineligible for release on mandatory supervision, the district court did not err in finding that [he] failed to state a due process claim with respect to the loss of his good-time credits.").

In the present case, Mr. Geiger is not eligible for release on mandatory supervision because he is serving a Life sentence out of Dawson County for the offense of assault on a public servant.[1] *Geiger v. State*, No. 11-11-242-CR, 2013 WL 5522270 (Tex. App.–Eastland 2013, pet ref'd). He is not eligible for release on mandatory supervision due to his Life sentence. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002).

---

[1] Mr. Geiger is also serving a 35-year sentence out of Bee County for the offense of aggravated assault on a correctional officer, *State v. Geiger*, Cause B93-MO-150PRB; a 40-year sentence out of Dallas County for aggravated kidnapping, *State v. Geiger*, Cause No. F91-00156-TR; and a 25-year sentence for assault on a public servant out of Anderson County, *State v. Geiger*, Cause 24638.

In his objections, Mr. Geiger only mentions that he is serving a 40-year sentence out of Dallas County for Aggravated Kidnapping. Although he does not acknowledge his Life sentence, it does not affect the Magistrate Judge's analysis that Mr. Geiger is not eligible for release on mandatory supervision. A sentence for Aggravated Kidnapping is also not eligible for release on mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(4); Tex. Penal Code § 20.04.

Under these circumstances, a protected liberty interest is not at stake. He is not entitled to the procedural protections afforded by the Constitution, and he is not entitled to have his due process claims considered by this court. Mr. Geiger is not required to acknowledge his Life sentence for assault on a public servant as this court is permitted to rely on case rulings and public records. *Fin. Acquisition Ptnrs v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006) (courts "are permitted to rely on matters of public record."). Mr. Geiger simply may not obtain federal habeas corpus relief with respect to his disciplinary case due to the absence of a protected liberty interest.

Mr. Geiger also objects to the Report and Recommendation asserting that the Magistrate Judge erred in finding that Mr. Geiger lost 665 days in good time from a December 2013 disciplinary case. Mr. Geiger now asserts that he lost the 665 days of good time "way back in 1995." Mr. Geiger further asserts that he is not an escapee; however, in his petition, he states he was "forced to move cell to cell each week as escapee." (Dkt. #1, p. 5). Mr. Geiger further complains in his objections about his housing in administrative segregation and the restrictions on his daily activities because of his classification. These objections are inconsequential because Mr. Geiger does not have a protected liberty interest because he is ineligible for release on mandatory supervision; thus, Mr. Geiger's objections are overruled. Mr. Geiger is not eligible for release on

mandatory supervision; and thus, he has failed to state a due process claim with regard to his habeas petition.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Geiger to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Geiger's objections are without merit. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **12** day of **December, 2017.**

_____

Ron Clark, United States District Judge